998 F.2d 1008
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
WALLACE N. EVANS, II, Petitioner,
v.
U.S. DEPT.OF TRANSPORTATION, NATIONAL TRANSPORTATION SAFETY
BOARD; Federico F. Pena, Secretary of Transportation;
Joseph Del Balzo, Acting Administrator, Federal Aviation
Administration, Respondents.
 No. 92-2427.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 4, 1993.
Decided: July 7, 1993.
 
 On Petition for Review of an Order of the Department of Transportation. (SE-12081)
 Jonathan Drew Sasser, Moore & Van Allen, Raleigh, North Carolina, for Petitioner.
 Harry S. Gold, Office of
 Chief Counsel, Federal Aviation Administration, Washington, D.C. for Respondent.
 Louis S. Watson, Jr., Moore & Van Allen, Raleigh, North Carolina, for Petitioner.
 Peter J. Lynch, Manager, Appellate Branch, Office of Chief Counsel, Federal Aviation Administration, Washington, D.C., for Respondent.
 E.D.Va.
 AFFIRMED.
 Before RUSSELL and HALL, Circuit Judges, and CLARKE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 The Administrator of the Federal Aviation Administration ("Administrator") revoked Dr. Wallace N. Evans', II, ("Dr. Evans"), pilot's license for making an intentionally false statement on two airman medical certificate applications by failing to list "Lithium" under the question "Currently use any medication?" A National Transportation Safety Board ("Board") administrative law judge (the "ALJ") affirmed the revocation order, and the full Board denied the appeal. Dr. Evans now asks this Court to review the Board's decision. Finding no error, we affirm.
 
 I.
 
 2
 On May 1, 1989 and October 10, 1990, Dr. Evans, a medical doctor and former aviation medical examiner ("AME"), applied for an airman's medical certificate. Question 15 asked"Currently Use any Medication?" If the answer was "Yes," the application then asked "Type and Purpose." On both applications, Dr. Evans answered question 15 "yes," and listed "Corgard" and" Allopurinol." Those drugs were listed for the purpose of treating migraine headaches and gout. In this case, the Administrator revoked Dr. Evans' pilot's license because he failed to also list "Lithium" on the application. If he had listed Lithium, Dr. Evans' application likely would have been denied or substantially delayed.
 
 
 3
 At the hearing before the ALJ, the Administrator's expert doctor testified that he reviewed Dr. Evans' pharmacy records and found that 2,700 Lithium tablets were prescribed over an 864-day period (which amount to approximately 3 per day). Dr. Evans, on the other hand, testified that he took Lithium tablets as preventative medicine for migraine headaches during the following approximate times: One week in April 1989; July 11, 1989 to February 1990; July 20, 1990 to September 8, 1990; Thanksgiving 1990 to February 1991; and a few weeks in mid-March and April 1991. He also testified that his wife regularly refilled his prescriptions so that they could have been refilled and stored in the house without him knowing.
 
 
 4
 The ALJ found that Dr. Evans had attempted to avoid reporting the Lithium by theorizing that, if he did not take his medication shortly before and shortly after the application period, he could state truthfully that he was not "currently" using Lithium. The ALJ, however, found that this action resulted in an intentionally false statement. The full Board affirmed the ALJ's decision.
 
 II.
 
 5
 Dr. Evans advances several arguments urging reversal of the Board's decision. Dr. Evans first argues that the Board's decision is not supported by substantial evidence. Specifically, he asserts that it is undisputed that he did not use Lithium for about a month before and after the applications; that under the common use of the word "currently," he was not currently using Lithium; and that there is no evidence that the statement was intentionally false. Second, Dr. Evans asserts that no false statement was made because regardless of whether Dr. Evans was evading the question, he did answer truthfully. Finally, Dr. Evans argues that the Board's decision is arbitrary given that the question "Currently use any medication" is ambiguous.
 
 
 6
 We must affirm the decision of the Board unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); Janka v. Dept. of Transportation, 925 F.2d 1147, 1149 (9th Cir. 1991). The Board's findings of fact are conclusive if supported by "substantial evidence." 49 U.S.C. App. § 1486(e); North Carolina v. Federal Aviation Admin., 957 F.2d 1125, 1128 (4th Cir. 1992). Substantial evidence is such evidence that a reasonable mind might accept as adequate to support a conclusion; it is something less than a preponderance of the evidence. Johnson v. National Transp. Safety Bd., 979 F.2d 618, 620-21 (7th Cir. 1992) (citing Consolo v. Federal Maritime Comm'n, 383 U.S. 607 (1966)).
 
 
 7
 The Federal Aviation Administration Regulations prohibit making any "fraudulent or intentionally false statement on any application for a medical certificate...." 14 C.F.R.s 67.20(a)(1). The elements of an intentional false statement are "falsity, knowledge, and materiality." Janka, 925 F.2d at 1150. We agree with the Board that there is substantial evidence to prove Dr. Evans made a false statement with the knowledge that the statement was false.[1]
 
 
 8
 Several facts support the Board's finding that Dr. Evans did "currently use" Lithium and therefore gave a false statement by not reporting that use. We reach this conclusion without the need to address the perceived ambiguity of question 15. Rather, under any reasonable definition of the word "currently,"[2] substantial evidence exists to prove that Dr. Evans currently used Lithium.
 
 
 9
 First, given that Dr. Evans was prescribed and regularly filled prescriptions for Lithium amounting to 3 tablets per day, it is reasonable to infer that he was currently taking those pills. Second, even if Dr. Evans' dates of use are believed and he is given the benefit of the doubt with respect to the first application, by the second application, he was using Lithium frequently enough that a reasonable person, let alone an AME, would conclude that he was currently using Lithium and should therefore list it on the application. Dr. Evans' on-again off-again use of Lithium cannot be used to bypass a question that is asked primarily to ascertain the fitness of the applicant to fly in order to protect the safety of the public both in the air and on the ground.
 
 
 10
 In addition, several facts support the Board's finding that Dr. Evans possessed the requisite knowledge that his statement (or lack thereof) on the application was false. First, Dr. Evans was an AME and should know of the importance of listing a drug such as Lithium on his application. Second, in a letter to the FAA Regional Flight Surgeon in which Dr. Evans discussed his medical problems, including migraine headaches, Dr. Evans did not mention Lithium. He did list the other two drugs as being " 'currently' " taken.[3] Third, the fact that Dr. Evans stopped taking Lithium shortly before each application and resumed shortly after each application is circumstantial proof that he was purposely evading the application question. Fourth, in discussing Lithium with the psychiatrist who prescribed the Lithium, Dr. Evans stated that he would not take Lithium while flying or during the period of licensure. Finally, on the application itself, Dr. Evans listed the three doctors he was seeing. Two were listed along with specific reasons for the visits while the third, the psychiatrist who prescribed the Lithium, was listed only as "Consultation."
 
 
 11
 Upon review of the record in this case, we find that there is substantial evidence to support the Board's finding that by not listing "Lithium" under the "Currently use any Medication?" question on the medical certificate application, Dr. Evans made an intentionally false statement. Accordingly, the decision of the Board is
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 Although not addressed by the Board, it is undeniable that failing to list Lithium under question 15 was "material." See, e.g., Janka, 925 F.2d at 1150 (false statement material if has tendency to influence or capable of influencing the FAA)
 
 
 [2]
 See, e.g., Webster's Third New International Dictionary 557 (1981) ("currently" means "at present")
 
 
 [3]
 The ALJ found it curious that Dr. Evans put "currently" in quotes in that letter and theorized that Dr. Evans was attempting to formulate his own definition of "currently."